IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FREDDIE ROOSEVELT TAYLOR,**

 Petitioner,

vs.               Case No. 4:07cv494-SPM/WCS

**JAMES McDONOUGH,**

 Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

 Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a motion to proceed in forma pauperis. Docs. 1 and 2.

 Petitioner is currently incarcerated at Okeechobee Correctional Institution, and challenges the judgment of the Circuit Court in Duval County Florida. Jurisdiction is appropriate in the Southern District and Middle District, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

The district of conviction would appear to be the most convenient and appropriate venue, and the petition should be transferred to the Middle District under § 2241(d).  See also, Parker v. Singletary, 974 F.2d 1562, 1582 and n. 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9  (11th Cir. 2001) (noting the practice in district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on January 8, 2008.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO PARTIES**

Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.